Filed 12/9/24  P. v. DeBerry CA4/2
*See Dissenting Opinion*

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082857 |
| v. | (Super.Ct.No. RIF1208861) |
| RONALD LEE DEBERRY, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed with directions.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina, Genevieve Herbert and Elizabeth M. Renner, Deputy Attorneys General, for Plaintiff and Respondent.

1

At a hearing pursuant to Penal Code section 1172.75,[1] the court found defendant and appellant Ronald Lee DeBerry ineligible for a full resentencing hearing. On appeal, defendant contends this court should reverse the order and remand the matter to the trial court with directions to hold a full resentencing hearing. We affirm, but we direct the court to modify its minute order and issue a new abstract of judgment.

## I. PROCEDURAL BACKGROUND[2]

On January 28, 2013, in a plea to the court, defendant pled guilty to two counts of destruction of jail property (§ 4600, subd. (a), counts 1 & 7), obstructing or resisting an executive officer (§ 69, count 2), resisting a public officer (§ 148, subd. (a), count 6), two counts of battery against a custodial officer (§ 243.1, counts 3 & 5), and vandalism causing over $400 in damages (§ 594, subd. (b), count 4). Defendant additionally admitted having suffered a prior prison term (§ 667.5, subd. (b)) and prior strike conviction (§§ 667, subds. (c) & (e), 1170.12, subd. (c)). The court sentenced defendant to an aggregate term of imprisonment of two years eight months; the court imposed but stayed sentence on the prior prison term allegation.

On December 21, 2023, at a hearing at which defendant was represented by counsel, the court denied counsel's request for a full resentencing hearing.[3] The court

---

[1] All further statutory references are to the Penal Code.

[2] The People requested judicial notice of various documents. We grant the request.

[3] "[S]ection 1172.75 does not authorize a defendant to seek resentencing on his or her own motion or petition. Rather the process is triggered by the Department of

*[footnote continued on next page]*

noted it "heard a similarly situated [case to] defendant's case today in People versus Chlad . . . case number BAF002073. In that hearing the Court heard arguments from both the defense and the prosecution. The Court has reviewed the decisions of People versus Renteria, People versus Rhodius, People versus Christianson, and People versus Saldana. [¶] The Court concluded that it found People versus Rhodius to be the most persuasive on this issue and therefore concluded that people whose prison priors had always been stayed, or at least were stayed at the time that the statute became operative, were not entitled to relief because they were not within the legitimate ambit of 1172.75."

Defense counsel objected but asked that defense counsel's "arguments from the Chlad case be incorporated in the record." The People requested the court "incorporate the argument in Chlad as well, . . ." The court incorporated "its own comments in People versus Chlad."[4] "At this time the Court determines the defendant is ineligible for relief

Corrections and Rehabilitation [CDCR] identifying a defendant as a person serving a sentence that includes a prior prison term enhancement. [Citation.]" (*People v. Cota* (2023) 97 Cal.App.5th 318, 332; accord, *People v. Newell* (2023) 93 Cal.App.5th 265, 268; accord, *People v. Burgess* (2022) 86 Cal.App.5th 375, 382 [Lower and appellate courts lack jurisdiction over a request for section 1172.5 relief brought solely by a defendant].) "Of course, 'the defendant . . . bears the burden to provide a record on appeal which affirmatively shows that there was error below, and any uncertainty in the record must be resolved against the defendant.' [Citation.]" (*People v. Moore* (2021) 68 Cal.App.5th 856, 866; *ibid.* ["Because appellant has failed to provide an adequate record for review, his claim fails. [Citation.]"].)

Here, defendant has failed his burden of producing a record that establishes the proceeding below was initiated by the CDCR. Nonetheless, as we discuss *post*, the People have sufficiently borne defendant's burden of showing the proceedings below were initiated by the CDCR.

**4** The minute order reads that the court ordered case No. BAF002073 incorporated by reference. The People have borne defendant's burden by requesting judicial notice of

*[footnote continued on next page]*

3

under [section] 1172.75 for the reasons articulated in People versus Chlad. The Court is ordering the abstract amended to remove from Box 3 the [section] 667.5[, subdivision] (b) prison prior because it should always have been stricken and not stayed."**5**

On December 21, 2023, the same day the court decided the matter in the instant proceeding, the court addressed the same issue in the *Chlad* case. The court noted it was "ready to proceed on the issue de jour." "[W]e have a number of cases today that are in the same position, and that is for an ultimate ruling, perhaps." The court noted, "This is essentially the defense motion even though the DOJ is the one who set everything in motion by identifying defendants that they believe fall within the provisions of [section] 1172.75."**6**

---

the relevant parts of the *Chlad* case by requesting judicial notice of the relevant parts of that case. (See fn. 4, *ante*.)

**5** The reporter's transcript reflects the court struck the prior prison term enhancement. (*People v Langston* (2004) 33 Cal.4th 1237, 1241 ["Once the prior prison term is found true within the meaning of section 667.5[, former subdivision](b), the trial court may not stay the one-year enhancement, which is mandatory unless stricken."]; accord, *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1275 (*Saldana*), review granted Mar. 12, 2024, S283547 ["Although never brought to the attention of the trial or appellate courts prior to the instant appellate proceeding, the parties now agree, as do we, that the trial court stayed the enhancements in error, resulting in an unauthorized sentence."].) However, the minute order reads that the court only struck *the punishment* on the prior prison term; the clerk does not appear to have issued a new or corrected abstract of judgment. (*People v. Portillo* (2023) 91 Cal.App.5th 577, 603 ["'[T]he oral pronouncement of sentence controls over a subsequently entered minute order.' [Citations.]"].) Because the minute order conflicts with the court's oral pronouncement, we shall direct the clerk to correct the minute order. (*People v. Contreras* (2009) 177 Cal.App.4th 1296, 1300, fn. 3 [the reviewing court has authority to correct clerical errors in the minute order].)

**6** The People opine that "[t]he trial court presumably meant CDCR or the county correctional administrator, not DOJ." As noted in footnote 4 *ante*, whether the

*[footnote continued on next page]*

4

Defense counsel in *Chlad* noted, "the Legislature did direct that CDCR make an eligibility list and that this Court verify that people on that eligibility list had a prison prior on their abstract, that it was there at some part of their sentence; without specifying exactly how it was a part of their sentence, just specifying that it was some part of their sentence." "I believe . . . the language of [section] 1172.75 says CDCR will identify eligible people, and then the scheme suggests that the Court is simply to verify that these people are eligible in some way because a prison prior has affected their sentence in some way."

Defense counsel engaged in a dialogue with the court, arguing that the court should apply the holdings of the decisions in *People v. Christianson* (2023) 97 Cal.App.5th 300, 316, footnote 8 (*Christianson*), review granted February 21, 2024, S283189; *Saldana*, *supra*, 97 Cal.App.5th 1270, 1278, and *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1282-1283 (*Renteria*), that Chlad was entitled to a full resentencing hearing. Defense counsel argued against applying the holding in *People v. Rhodius* (2023) 97 Cal.App.5th 38 (*Rhodius*), review granted February 21, 2024, S283169, which

proceedings were initiated by the CDCR or defendant goes directly to whether this court and the court below have jurisdiction in the matter. The record in this case as well as the records we judicially noticed at the request of the People reflect that the court was addressing a number of cases, all of which appear to be in response to a list provided by the CDCR. We agree with the People that when the court said the matters were set in motion by the DOJ, the court must have meant the CDCR. Moreover, as noted *post*, defense counsel directly referenced a CDCR "eligibility list." The court noted, "there is no petition vehicle available to defendants to avail themselves of this statute." The court thereafter expressly referenced how the statute required that the proceedings be initiated by the CDCR. Thus, the People have carried defendant's burden of producing an adequate record to establish the proceedings were initiated by the CDCR; therefore, both this court and the court below have jurisdiction in the matter.

provides that defendants whose prior prison terms were stayed, rather than imposed, are not entitled to a resentencing hearing.

The People responded, "As this Court is well aware, this Court was the underlying court for the Rhodius decision, and we think that the Rhodius statutory analysis was the most thorough and compelling and cogent in terms of [section] 1172.75." Thus, the People maintained Chlad was not entitled to a full resentencing hearing.

The court in considering the decisions in *Christianson*, *Saldana*, *Renteria*, and *Rhodius* found "Rhodius to be the most persuasive. [¶] And I am mindful it sounds like I'm congratulating the author, but I will say this. My statement of decision was nowhere close to the Fourth District Court of Appeal's analysis. Their dive into a legislative history in evaluation of this statute is much deeper than anything I came close to. [¶] And after reading the cases, I do find that the proper legitimate aim of this statute was to reduce sentences by initially just striking the prison priors. It would not reduce Mr. Chlad's sentence at all. His priors were stayed. He never served a day for a prison prior."[7] Thus, the court stated, "And so for those reasons I find that Mr. Chlad is not eligible under this statute for a full resentencing, . . ." However, the court struck the section 667.5, subdivision (b) enhancement.

_____

[7] The court noted that section 1172.75, subdivision (b), provides: "'The Secretary of the Department of Corrections and Rehabilitation and the county correctional administrator of each county shall identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a).'"

6

## II.  DISCUSSION

Defendant contends this court should reverse and remand the matter with directions to the trial court to hold a full resentencing hearing.  The People maintain we should affirm the trial court's order in reliance on *Rhodius*.  We affirm.

Senate Bill No. 483 (Senate Bill 483) (2021-2022 Reg. Sess.) added section 1171.14 to the Penal Code (Stats. 2021, ch. 728), which the Legislature subsequently renumbered, without substantive change, as section 1172.75 (Stats 2022, ch. 58, § 12, eff. June 30, 2022).  (*Rhodius*, *supra*, 97 Cal.App.5th at p. 42, fn. 4.)  "Section 1172.75, subdivision (a), states that '[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid.'  [Citation.]  Section 1172.75 instructs the CDCR to identify those persons in their custody currently serving a term for a judgment that includes an enhancement under section 667.5(b) (excluding sexually violent offenses) and provide such information to the sentencing court that imposed the enhancement.  [Citation.]  Subsequently, the sentencing court 'shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a).'  [Citation.]  'If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant.'  [Citation.]"  (*Ibid.*)

"Section 1172.75[,] subdivision (d)(1)'s requirement that the resentencing shall result in a lesser sentence than the one originally imposed necessitates the conclusion that

7

the repealed enhancement increased the length of the sentence.  The only way for the repealed enhancement to have increased the length of a sentence is for the enhancement to have been imposed and executed.  If the repealed enhancement was imposed and stayed, the sentence would not have been increased, as was the case here.  To interpret 'imposed' as used in section 1172.75, subdivision (a), to include when a sentence was 'imposed and stayed' would require any sentencing court faced with an 'imposed and stayed' enhancement to arbitrarily lower a sentence simply because the judgment contained a stayed enhancement." (*Rhodius*, *supra*, 97 Cal.App.5th at p. 44; contra, *Renteria*, *supra*, 96 Cal.App.5th at pp. 1282-1283 [Defendant entitled to full resentencing hearing where section 667.5 enhancement was imposed and stayed]; accord, *Christianson*, *supra*, 97 Cal.App.5th at p. 316, fn. 8; accord, *Saldana*, *supra*, 97 Cal.App.5th at p. 1278; accord, *People v. Mayberry* (2024) 102 Cal.App.5th 665, 674, review granted Aug. 14, 2024, S285853; accord, *People v. Espino* (2024) 104 Cal.App.5th 188, 196, review granted Oct. 23, 2024, S286987; see *People v. Gray* (2024) 101 Cal.App.5th 148, 167 & fn. 14 ["Other courts to have considered this question have focused on the meaning of the term 'imposed,' and have disagreed with *Rhodius*."].)

Here, like in *Rhodius*, the trial court imposed but stayed punishment on the prior prison term enhancements.  Thus, since striking the prior prison term enhancements would not result in a lesser sentence than the one originally imposed as required by section 1172.75, subdivision (d)(1), the court properly denied defendant's request for a

8

full resentencing hearing.  (*Rhodius*, *supra*, 97 Cal.App.5th at p. 44; *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

Defendant argues that we are not bound by *Rhodius*.  However, "Absent a compelling reason, the Courts of Appeal are normally loath to overrule prior decisions from another panel of the same undivided district or from the same division."  (*Estate of Sapp* (2019) 36 Cal.App.5th 86, 109, fn. 9.)  *Rhodius* is a decision of this appellate division.

Nonetheless, defendant essentially argues that the majority view of the appellate courts set forth in *Renteria*, *Christianson*, and *Saldana*, comprise a compelling reason to depart from this court's decision in *Rhodius*.  We disagree.

In analyzing the legislative history of Senate Bill 483, this court in *Rhodius* observed that the Legislature was primarily concerned with providing relief to those who had served time on rulings deemed unfair, on separating inmates from their families, and on the costs to the state of incarceration.  (*Rhodius*, *supra*, 97 Cal.App.5th at pp. 46-48.)  "The findings, costs, and ramifications of . . . Senate Bill 483 cited during the legislative sessions presuppose inmates who are serving additional time as a result of the sentencing enhancement under section 667.5[, subdivision] (b).  The references to financial and familial burdens do not logically follow if a defendant is not actually serving additional time as the result of an imposed and executed sentence associated with a section 667.5[, subdivision] (b) prior.  As such, to interpret the statute to include enhancements that were

9

imposed and stayed would be contrary to the legislative intent and the plain language of the statute." (*Id.* at pp. 48-49.)

Here, since the court did not execute sentence on the prior prison term enhancements, striking those enhancements as anything other than an administrative function would not promote the legislative concerns in passing Senate Bill 483; in other words, because defendant was not serving time on the enhancement, striking it as part of a full resentencing hearing would not provide a lessened term for defendant, would not enable him to reunify with his family, and would not result in any cost savings to the state. We continue to agree with this court's decision in *Rhodius* and disagree with the courts in *Renteria*, *Christianson*, *Saldana, Mayberry*, *and Espino*.

## III. DISPOSITION

The trial court is directed to modify the minute order to reflect the court's order that the section 667.5, subdivision (b) enhancement itself be stricken, rather than merely the punishment on the enhancement. The court is further directed to issue a new abstract of judgment reflecting the court's order. The court is directed to forward a copy of the new abstract of judgment and minute order to the CDCR. The court's order is affirmed as modified.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

10

McKINSTER
Acting P. J.

I concur:


MILLER
J.

11

[*People v. Deberry*, E082857]

FIELDS J., Dissenting.

I respectfully dissent to the holding in the majority opinion that defendant is not entitled to a full resentencing pursuant to Penal Code section 1172.75. The majority opinion follows this court's opinion in *People v. Rhodius* (2023) 97 Cal. App.5th 38, which held that where a trial court imposes a one-year sentence on a section 667.5, subdivision (b) prison prior, but stays the punishment, a defendant is not entitled to a full resentencing under section 1172.75, subdivision (a).

In my view, the defendant is entitled to a full resentencing pursuant to section 1172.75, subdivisions (a)-(c). The dispute here "centers around the meaning of the word 'imposed' as used in section 1172.75, subdivision (a), and, more specifically, whether a sentence enhancement pursuant to section 667.5, subdivision (b) that was imposed and stayed for a non-sexually-violent offense prior to January 1, 2020, is 'a sentencing enhancement described in subdivision (a)' of section 1172.75." (*People v. Christianson* (2023) 97 Cal.App.5th 300, 311 (*Christianson*), review granted Feb. 21, 2024, S283189, italics omitted.)

The Courts of Appeal are divided on this question, and the issue is currently before the Supreme Court. (Compare *Christianson*, *supra*, 97 Cal.App.5th 300 [Recall and resentencing is available when prison prior enhancement is imposed and stayed.]; *People v. Saldana* (2023) 97 Cal.App.5th 1270 (*Saldana*), review granted Mar. 12, 2024, S283547 [same]; & *People v. Renteria* (2023) 96 Cal.App.5th 1276 [same] with *People v. Rhodius*, *supra*, 97 Cal.App.5th 38 (*Rhodius*), review granted Feb. 21, 2024, S283169

1

[Recall and resentencing is only available when prison prior enhancement is imposed and executed.].)

I generally agree with the *Christianson* decision, which in my view sets forth the correct statutory interpretation of section 1172.75. (See *Christianson*, *supra*, 97 Cal.App.5th at pp. 311-315.) Section 1172.75, subdivisions (a) and (c), provide that a defendant currently serving time on a judgment which includes a section 667.5, subdivision (b) enhancement imposed before January 1, 2020, is entitled to a full resentencing hearing.

The court in *Christianson* explicated that, "[o]n its face, the word 'imposed,' in this context, is at least somewhat ambiguous. As our high court has explained, 'it is important to understand that the word "impose" applies to enhancements that are "imposed and then *executed*" as well as those that are "imposed and then stayed. However, as a practical matter, the word 'impose' is often employed as shorthand to refer to the first situation, while the word 'stay' often refers to the latter." ' " (*Christianson*, *supra*, 97 Cal.App.5th at p. 311.)

Despite this apparent ambiguity, the *Christianson* court rejected the People's claim that the Legislature intended the word " 'imposed,' " as used in section 1172.75, to be limited to enhancements that were imposed and executed. (*Christianson*, *supra*, 97 Cal.App.5th at p. 311.) Further, as the court explained in *Christianson*, "[s]ection 1172.75 requires the CDCR to identify all inmates 'currently serving a term *for a judgment that includes* an enhancement described in subdivision (a).' [Citation.] A judgment may include a sentence that has been imposed but suspended or stayed.

2

[Citation.] Thus, by its plain language, all that is required for the CDCR to identify an inmate under section 1172.75, subdivision (b) is for the enhancement to be included in the abstract of judgment, regardless of whether it is imposed or stayed. Had the Legislature intended for the language in subdivision (b) to limit the identification to those inmates that would necessarily be required to serve an additional term based on the enhancement, it certainly could have done so." (*Christianson*, *supra*, 97 Cal.App.5th at pp. 311-312.)

The court in *Christianson* noted that "[t]he sentencing court must then '*verify that the current judgment includes a sentencing enhancement* described in subdivision (a).' " (*Christianson*, *supra*, 97 Cal.App.5th at p. 312; § 1172.75, subd. (c).) The court continued as follows: "At this point, the incorporation of subdivision (a) requires that the current judgment include a sentencing enhancement *imposed* pursuant to section 667.5, subdivision (b). However, the use of the word 'verify' suggests that the sentencing court is doing just that, verifying that the individual the CDCR identified is in fact an individual described by the statute, not looking to see if the inmate meets an additional requirement (i.e., that the enhancement is *imposed* and not stayed). It does not follow logic or reason to read these two subdivisions together in a manner that would require the CDCR to identify a larger class of inmates—all those serving time on a judgment that include a now invalid enhancement—only for the trial courts to then look at the same abstracts of judgment available to the CDCR to determine whether the previous court imposed additional time for, or stayed, the relevant enhancements." (*Christianson*, at p. 312.)

3

Finally, *Christianson* observed that the overarching "statutory scheme at issue here involves statutory amendments expressly aimed at *reducing* sentences by retroactively eliminating a sentencing enhancement described as exacerbating 'existing racial and socio-economic disparities in our criminal justice system.' " (*Christianson*, *supra*, 97 Cal.App.5th at p. 314.)  The court noted that the resentencing procedures set forth in the statutory scheme promoted this legislative goal insofar as they "require that the trial court conduct a full resentencing for those defendants impacted by the now invalid enhancement in light of all associated sentencing reform." (*Ibid*.)  Given this legislative objective, the *Christianson* court inferred that the Legislature presumably "intended to provide broad relief to all defendants impacted by the now invalid section 667.5, subdivision (b) enhancements." (*Ibid*.)

I note that I respectfully disagree with one portion of *Christianson*. Acknowledging that section 1172.75, subdivision (d)(1), requires a trial court to impose a lesser sentence than originally imposed, *Christianson* rejected the notion that removing a stayed term does not result in a lesser sentence.  (*Christianson*, *supra*, 97 Cal.App.5th at p. 312.)  Rather, the court concluded that even a stayed term has potential consequences to a sentence since the trial court "retains the ability to lift the stay and impose the term under certain circumstance[s], such as if an alternately imposed term is invalidated." (*Ibid*.; accord, *Saldana*, *supra*, 97 Cal.App.5th at p. 1278 [stayed enhancement is part of sentence and remains available if its execution becomes necessary].)  I disagree with this conclusion since a prison prior that was imposed before 2020, and was not for a sexually

4

violent offense, is now legally invalid under section 1172.75, subdivision (a); thus, a court has no ability to lift a stay and impose such a prison prior in the future.

In any event, in the instant case, there is no dispute defendant was serving time on a judgment which includes a section 667.5, subdivision (b) enhancement that was not for a sexually violent offense. Section 1172.75 expressly provides that if a "current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) Applying *Christianson* here, defendant is entitled to a full resentencing under section 1172.75. (§ 1172.75, subds. (a), (c); see *Christianson*, *supra*, 97 Cal.App.5th at pp. 314-315.) "By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402 (*Monroe*); see *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["[W]hen part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' "].) At resentencing, the court shall "apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing" (§ 1172.75, subd. (d)(2)) and shall consider any "postconviction factors" militating against continued incarceration (§ 1172.75, subd. (d)(3)).

At the original sentencing in the instant case, the sentencing court sentenced defendant to one-year punishment on the prior prison enhancement but stayed the

punishment. Accordingly, the enhancement was part of the sentence and was included in the abstract of judgment.[1]

The CDCR presumably identified defendant as eligible for relief because the enhancement was included in the abstract of judgment. (*Christianson*, *supra*, 97 Cal.App.5th at p. 312 ["[A]ll that is required for the CDCR to identify an inmate under section 1172.75, subdivision (b) is for the enhancement to be included in the abstract of judgment . . . ."].)[2]

The People ask us to follow *Rhodius*, *supra*, 97 Cal.App.5th 38, which held that the express language in section 1172.75, subdivision (d)(1), requiring the resentencing to " 'result in a lesser sentence than the one originally imposed as a result [of] the elimination of the repealed enhancement,' " combined with the legislative history behind the enactment of Senate Bill Nos. 136 and 483, require the conclusion that section 1172.75 does not invalidate prior prison term enhancements that were imposed but stayed. (*Rhodius*, at pp. 42-49.) *Rhodius* reasoned as follows: "Section 1172.75 subdivision (d)(1)'s requirement that the resentencing shall result in a lesser sentence than the one originally imposed necessitates the conclusion that the repealed enhancement increased the length of the sentence. The only way for the repealed

---

[1] I note that, at the resentencing hearing, the court ordered the prison prior enhancement stricken.

[2] Notably, since the filing of *Christianson*, the Sixth Appellate District has published an opinion agreeing with *Christianson* and further concluding that section 1172.75 "applies whenever a prison prior is included in a judgment, whether the prior is executed, stayed, or punishment is struck." (*People v. Espino* (2024) 104 Cal.App.5th 188, 194 (*Espino*), review granted Oct. 23, 2024, S286987.)

enhancement to have increased the length of a sentence is for the enhancement to have been imposed and executed. If the repealed enhancement was imposed and stayed, the sentence would not have been increased, as was the case here." (*Id.* at p. 44.)

Although *Rhodius* was thoughtfully decided, I respectfully disagree with it. Rather, I agree with *Christianson*'s conclusion that section 1172.75 applies to cases in which the inmate's abstract of judgment includes a section 667.5, subdivision (b) enhancement "regardless of whether it is imposed or stayed." (*Christianson*, *supra*, 97 Cal.App.5th at pp. 305, 312.)

Under *Rhodius*, the word "imposed" in section 1172.75, subdivision (a), means "imposed and executed." Thus, the "imposed and stayed" prior convictions in that case were not "imposed" within the meaning of section 1172.75, subdivision (a). If that interpretation is correct, then the prison prior convictions in that case would not be legally invalid, and the trial court in *Rhodius* should not have struck them.[3] Yet, the trial court in *Rhodius* did strike them, strongly inferring their invalidity, and the *Rhodius* court affirmed the trial court's action. In my view, section 1172.75 either applies or does not apply. The authority to strike the prior convictions comes only where section 1172.75 applies.

I also note that in *Rhodius,* the trial court "vacated the sentence for defendant's two section 667.5 [subdivision] (b) priors and ordered them stricken." (*Rhodius*, *supra*, 97 Cal.App.5th at p. 41.) Thus, the only issue was whether the court was required to give

---

[3] This assumes the judgment was final as of January 1, 2020, as SB 136 on its own is not retroactive to final judgments.

7

the defendant "a full resentencing hearing going beyond striking his two priors." (*Ibid*.) Similarly, here, the trial court hearing the resentencing petition struck the prison prior conviction, but only after ruling that defendant was ineligible for relief under section 1172.75. In my view, if section1172.75 applies such that the court felt compelled to strike the prison prior conviction, then the prior is legally invalid and defendant is entitled to a full resentencing. Thus, the matter must be remanded for the court to vacate the prison prior and fully resentence defendant pursuant to section 1172.75, subdivisions (c) and (d).

Although the length of sentence does not change when a trial court vacates a now invalid prior conviction that had previously been stayed, the defendant, nevertheless, receives a significant benefit. To the extent the abstract of judgment will no longer show the prison prior conviction, the consequences of defendant's plea are reduced. As result of the court's action, the case will no longer reflect the prior conviction if a court assesses the appropriate disposition in any future case or on a violation of parole on the current case.

Finally, a careful review of the statute reveals that the statute contains language favorable to an interpretation consistent with that taken by *Rhodius*, and it also contains language favorable to an interpretation consistent with that taken in *Christianson*. I agree with the court in *Espino*, *supra*, 104 Cal. App. 5th at p. 198, that under the rule of lenity, where the Legislature's intent cannot be determined, courts must prefer the interpretation that is most favorable to defendants.

In sum, I conclude that the trial court erred in finding defendant ineligible for

relief. The CDCR properly identified him as a person in custody "currently serving a term for a judgment that includes an enhancement described in [section 1172.75,] subdivision (a)." (§ 1172.75, subd. (b).) He was therefore entitled to a recall of his sentence and a full resentencing under the terms of section 1172.75, which would include the application of "any other changes in law that reduce sentences or provide for judicial discretion" (§ 1172.75, subd. (d)(2)) and consideration of "postconviction factors" militating against continued incarceration (§ 1172.75, subd. (d)(3)). I would reverse the denial order and remand to the trial court for a full resentencing hearing pursuant to section 1172.75, subdivisions (c) and (d).

FIELDS_____

J.
